# DECLARATION OF LAWRENCE GLOTH

I, Lawrence Gloth, after being duly sworn, depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Senior Inspector for the United States Marshals Service. I have been employed by the U.S. Marshals Service as a Deputy U.S. Marshal, and now Senior Inspector, for the last sixteen years. I have specifically been a financial crimes investigator for the past three years. I have attended several training classes in conducting financial investigations. I have performed complex financial investigations and have participated in the execution of search and seizure warrants in the capacity of affiant and/or participant. In addition, I am trained as and currently hold the credential of Certified Fraud Examiner (CFE). I am currently assigned to a task force and trained to investigate possible money laundering violations of 18 U.S.C. §§ 1956 and 1957, as well as violations of 21 U.S.C. § 841.

2. This affidavit is prepared in support of a complaint seeking In Rem forfeiture of the real property, including the lot or tract of land and any appurtenances or improvements on that property, commonly known as 62326 Olive Barber Rd., Coos Bay, OR.

3. As set forth below, there is probable cause to believe and I do believe that John Joseph Ambrosini Sr. has committed violations of Title 21 United States Code (U.S.C), Sections 841 and 846. Specifically, I believe that John Joseph Ambrosini Sr. facilitated the illegal cultivation and distribution of marijuana at the 62326 Olive Barber Rd., Coos Bay, OR property. I also believe that Ambrosini Sr. also engaged in transactions designed to facilitate the illegal cultivation of marijuana on this property, to promote the carrying on of their illegal activity, to avoid the filing of currency transaction reports, and to conceal or disguise the nature, location, source, ownership and the control of the proceeds from the illegal distribution of marijuana. As such and as set forth below, there is probable cause to believe and I do believe, that the real property, including the lot or tract of land and any appurtenances or improvements on that property, located at 62326 Olive Barber

Rd., Coos Bay, OR, was used to commit and facilitate the violations of Title 21 U.S.C. Sections 841 and 846 and was purchased with the proceeds from the sale of marijuana, and is therefore subject to seizure and forfeiture pursuant to Title 21 U.S.C. Sections 881 (a)(6) and (a)(7). The property is also subject to forfeiture pursuant to Title 18, U.S.C Section 981(a)(1)(A) as real property involved in violations of Title 18 U.S.C. Section 1956and pursuant to Title 31 U.S.C. Section 5317(c)(2), as property traceable to violations of Title 31 U.S.C. Section 5324.

4. The information contained in this affidavit is information known to me from my training and experience, by personal knowledge, and by written and oral reports of other law enforcement officers involved in the investigation. Since this affidavit is being submitted for the limited purpose of a complaint *in rem* for forfeiture, I have not included each and every fact known to me concerning this investigation but only information sufficient to show probable cause that the property in question is subject to seizure and forfeiture. This affidavit involves an investigation by the Drug Enforcement Administration (DEA) and the South Coast Interagency Team (SCINT) of an individual named John Ambrosini, who is the current owner of record of 62326 Olive Barber Rd, Coos Bay, Oregon, also known as 62326 Madrona Lane, Coos Bay, Oregon. SCINT Detective Moore checked with the Oregon Medical Marijuana Program and was advised verbally that 62326 Olive Barber Road has been identified as a known marijuana grow location.

5. The real property at 62326 Olive Barber Road is described as 1.73 acres of land located on the north side of Olive Barber Road, more particularly described as follows:

> Beginning at a point on the West boundary of the NE 1/4 of the NW 1/4 of Section 13, Township 26 South, Range 13 West of the Willamette Meridian, Coos County, Oregon 803.24 feet North of the iron pipe at the Southwest corner of said NE 1/4 of the NW 1/4; thence North 0° 10' West 200 feet to an iron pipe; thence North 88° 41' East 200 feet; thence South 0° 10' East 407.8 feet, more or less, to the North boundary of a 25 foot roadway; thence North 89° 04' West 150 feet; thence North 62° 43' West 56.34 feet; thence North 0° 10' West along the East boundary of a 25 foot roadway 150 feet, more or less, to a point North 88° 41' East 25 feet from the point of beginning; thence South 88° 41' West to the point of beginning.

6. Ticor Title records shows this real property also includes a residence identified as a 1976 Sherwood manufactured structure, home identification #196203, serial #OS5477US and Department of Motor Vehicle X-plate #X122283. The manufactured structure was included with the sale of the real property to John Ambrosini and Sandra Ambrosini on or about March 26, 2010.

## APPLICABLE LAW

7. Title 18 U.S.C. § 1956(a)(1) and (3) provide, in part:

   (a)(1) Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity (A)(i) with the intent to promote the carrying on of specified unlawful activity; or ... (B) knowing that the transaction is designed in whole or in part (i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity or in part (ii) to avoid a transaction reporting requirement under State or Federal law; ... shall be sentenced to a fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater, or imprisonment for not more than twenty years, or both. For purposes of this paragraph, a financial transaction shall be considered to be one involving the proceeds of specified unlawful activity if it is part of a set of parallel or dependent transactions, any one of which involves the proceeds of specified unlawful activity, and all of which are part of a single plan or arrangement.

   (a)(3) Whoever, with the intent (A) to promote the carrying on of specified unlawful activity; (B) to conceal or disguise the nature, location, source, ownership, or control of property believed to be the proceeds of specified unlawful activity; ... conducts or attempts to conduct a financial transaction involving property represented to be the proceeds of specified unlawful activity, or property used to conduct or facilitate specified unlawful activity, shall be fined under this title or imprisoned for not more than 20 years, or both.

8. Title 18 U.S.C. § 981(a)(1) provides, in part:

The following property is subject to forfeiture to the United States: (A) Any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of this title, or any property traceable to such property.

9. Title 31 U.S.C. § 5324 provides, in part:

No person shall, for the purpose of evading the reporting requirements cause or attempt to cause a domestic financial institution to fail to file a report required under Section 5313(a) or 5325 or any regulation prescribed under any such section, the reporting or recordkeeping requirements imposed by an order issued under section 5326.

10. Title 21 U.S.C. § 841(a)(l) provides, in part:

Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally - (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.

11. Title 21 U.S.C. § 846 provides:

Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

12. Title 21 U.S.C. § 881 provides, in part:

The following shall be subject to forfeiture to the United States and no property right shall exist in them:

(6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

(7) All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment.

13. Title 31 U.S.C. Section 5317(c)(2), provides in part:

   Any property traceable to violations of Title 31, Section 5324 and any
   property traceable to any such violation or conspiracy, may be seized and
   forfeited to the United States.

## SUMMARY OF THE INVESTIGATION

14. An investigation was initiated in 2006 of John Ambrosini Sr., his wife Sandra Ambrosini, their son John Ambrosini Jr., his wife Michelle Koll Ambrosini and others involved in the illegal distribution and manufacturing of marijuana in Coos and Douglas County, Oregon. Ambrosini Sr. had opened a marijuana dispensary in Coos Bay, OR. The dispensary was initially co-located with Anthony's Garden and Light, 93779 Troy Lane, Coos Bay, Oregon; Anthony's is a supplier of grow equipment and supplies. Oregon Secretary of State Corporation Division's website shows that Sandra D. Ambrosini is the registrant and authorized representative for Anthony's Garden & Light Supply, Inc., 93779 Troy Lane, Coos Bay, Oregon.

15. The dispensary was opened under the name of the South Coast Compassion Coalition and eventually moved to its current location at 93705 Newport Road. During 2009, 2010 and early 2011, controlled purchases of marijuana were made from Anthony's and the dispensary locations operated by Ambrosini Sr. During one of the controlled purchases made by an undercover Oregon Department of Justice investigator in May 2010, the investigator observed approximately 10 glass candy type jars with stopper lids on the counter with product names written on the lid and a price for one-eighth (1/8) ounce of marijuana. During this transaction, the undercover investigator purchased one-half ounce of marijuana from an employee at the South Coast Compassion Center, 93705 Newport Road, Coos Bay, Oregon.

16. In July 2010, the undercover investigator purchased three ounces of marijuana from an employee at the South Coast Compassion Center, 93705 Newport Road. Approximately two weeks later, the undercover investigator went back to the South Coast Compassion Center to purchase some additional marijuana. During this purchase, the investigator

spoke directly with Ambrosini Sr. During the initial greeting, the investigator inquired about purchasing one-half pound. Ambrosini Sr. initially indicated he would not but agreed to sell three ounces. Ambrosini Sr. indicated at a future time he might sell one-half pound to the undercover investigator but would possibly have an associate from the Sutherlin, Oregon branch of the South Coast Compassion Center meet the undercover investigator half way.

17. In January 2011, the undercover investigator made a controlled purchase of one ounce of marijuana from an employee at the South Coast Compassion Center, 93705 Newport Road, Coos Bay, Oregon.

18. On January 26, 2012, surveillance was conducted at 93705 Newport Road. During this surveillance, we observed approximately 20 different individuals come in and out of the dispensary in about 90 minutes.

19. Pacific Power indicated service was established at 93705 Newport Rd. from 08-27-2009 to 06-06-2011 in the name of Sandy Ambrosini. Effective 06-06-2011 service was in the name of John Ambrosini. This address has been identified as the location for South Coast Compassion Coalition, a marijuana dispensary location operated by Ambrosini Sr.

20. On September 28, 2012, SCINT Det. Scott Moore advised that the following properties that were rented or owned by Ambrosini Sr. had the following number of OMMP cards listed:

>   62326 Olive Barber Road, Coos Bay, Oregon – 43 cards
>   62346 Olive Barber Road, Coos Bay, Oregon – 17 cards
>   62348 Olive Barber Road, Coos Bay, Oregon – 9 cards
>   19740 Highway 42, Camas Valley, Oregon – 20 cards
>   65851 North Bay Road, North Bend, Oregon – 4 cards
>   622 D Street, Coos Bay, Oregon – 31 cards.

21. In addition, Ambrosini Sr. is listed as a grower for four individuals, a caregiver for 22 individuals and a patient as well. According to ORS 475.320 (2)(c) an individual "May produce marijuana for no more than four registry identification cardholders or designated

Page 6   Affidavit of Lawrence Gloth

primary caregivers concurrently." This is a violation of the Oregon statute for OMMP and the amounts of marijuana that one can possess.

22. As a result of the above investigation, on October 15, 2012 The Honorable Thomas M. Coffin authorized search warrants on multiple addresses associated with John Ambrosini Sr. to include 62326 Olive Barber Rd in Coos Bay, OR.

23. On October 16, 2012, the Drug Enforcement Administration served search warrants at 10 locations, to include 62326 Olive Barber Road, Coos Bay, Oregon. Agents searching 62326 Olive Barber Rd found 211 mature Marijuana plants growing on the property in three buildings as well as approximately 22 pounds of processed Marijuana. Additionally, several firearms were located and seized from the property to include three handguns and nine rifles and/or shotguns.

## Financial Investigation

24. Bank records from Wells Fargo Bank shows that $31,000 currency was used as the source of a down payment to purchase 62326 Olive Barber Road, and that this currency was deposited into bank accounts controlled by Sandra Ambrosini and John Ambrosini Sr. The currency was structured and deposited to two separate accounts on four separate days in an apparent attempt to avoid the Currency Transaction Reporting requirement.

25. Wells Fargo Bank records shows the currency was deposited to Anthony's Garden and Light savings account, no XXX-XXX0287, and to John Ambrosini and Sandra Ambrosini's personal checking account, no XXX-XXX4617, on 03/15/2010, 03/16/2010, 03/18/2010 and 03/19/2010, as follows:

   a. On **03/15/2010**, $8,000 cash was deposited to Anthony's Garden and Light Supply savings account, # XXX-XXX0287. This account was opened in 05/30/2007 and had very little activity until these deposits were made. This $8,000 was deposited through an ATM in six $1,000 deposits and one $2,000

deposit. Only 50 bills will fit through an ATM; therefore, it was necessary to break up the $8,000 in order to feed the cash into the ATM.

    b. On **03/16/2010**, $8,000 cash was deposited to John Ambrosini and Sandra Ambrosini's checking account, #XXXXXX4617. This $8,000 was deposited through an ATM in six $1,000 deposits and one $2,000 deposit.

    c. On **03/18/2010**, $5,000 cash was deposited to John and Sandra Ambrosini's checking account, #XXXXXX4617. This $5,000 was deposited through an ATM in two $1,000 deposits and one $2,000 deposit.

    d. On **03/19/2010**, $10,000 was deposited to John and Sandra Ambrosini's checking account, # XXXXXX4617. This $10,000 was deposited through an ATM in seven $1,000 deposits, one $1,400 deposit and one $1,600 deposit. On this same date, the original $8,000 deposited to the savings account was internally transferred to Ambrosini's personal checking account, # XXXXXX4617.

The above transactions are summarized as follows:

| Date | Cash Deposits | Account No. |
|---|---|---|
| 3/15/2010 | $8,000.00 | XXX-XXX0287 |
| 3/16/2010 | $8,000.00 | XXX-XXX4617 |
| 3/18/2010 | $5,000.00 | XXX-XXX4617 |
| 3/19/2010 | $10,000.00 | XXX-XXX4617 |
| **Total** | **$31,000.00** | |

26. On **03/19/2010**, $8,000 was internally transferred from Anthony's Garden and Light savings account to Ambrosini's personal checking account. These structured proceeds were used to purchase Wells Fargo cashier's check #106000781, dated 03/26/2010, in the amount of $29,721.48, made payable to Ticor Title. Ticor Title records show this was used as a down payment to purchase of 62326 Madrona Lane, Coos Bay, OR 97420. This address is also known as 62326 Olive Barber Rd., Coos Bay, OR 97420.

27. Ticor Title records also show that John Ambrosini and Sandra Ambrosini purchased 62326 Olive Barber Road for $175,000 from a private party on 03/26/2010 and that the private party carried a $145,000 note requiring John Ambrosini and Sandra Ambrosini's to make monthly payments of $1,200. In addition, they are required to make annual payments of $10,000 beginning on 01/05/2011 and continuing each year until paid in full. A handwritten note in Ticor Title's file indicates the payments were to be made to ILWU Credit Union.

28. Wells Fargo Bank records show that during the months April through December 2010, personal checks for $1,200 were issued from John Ambrosini and Sandra Ambrosini's checking account, no. XXX-XXX4617, to ILWU Federal Credit Union. Sandra Ambrosini signed each of the checks. They are as follows:

| Check Date | Check No. | Amount | Payee | Signature |
|---|---|---|---|---|
| 4/1/2010 | 1380 | $1,200 | ILWU Federal Credit Union | Sandra Ambrosini |
| 4/30/2010 | 1426 | $1,200 | ILWU Federal Credit Union | Sandra Ambrosini |
| 5/30/2010 | 1437 | $1,200 | ILWU Federal Credit Union | Sandra Ambrosini |
| 6/30/2010 | 1394 | $1,200 | ILWU Federal Credit Union | Sandra Ambrosini |
| 8/1/2010 | 1407 | $1,200 | ILWU Federal Credit Union | Sandra Ambrosini |
| 8/31/2010 | 1457 | $1,200 | ILWU Federal Credit Union | Sandra Ambrosini |
| 9/30/2010 | 1471 | $1,200 | ILWU Federal Credit Union | Sandra Ambrosini |
| 10/31/2010 | 1483 | $1,200 | ILWU Federal Credit Union | Sandra Ambrosini |
| 12/2/2010 | 1503 | $1,200 | ILWU Federal Credit Union | Sandra Ambrosini |

Bank records did not reflect $1,200 checks being issued to ILWU after 12/2/2010.

29. In addition to the $31,000 cash structured into Ambrosini's personal bank account, John Ambrosini, Sr. also used $12,424 cash to purchase a Harley Davidson Motorcycle. A Form 8300 used by businesses to report cash payments over $10,000 made by customers shows that Ambrosini purchased a 2011 Harley Davidson Motorcycle from LKP Investments in Coos Bay, OR in October 2010 and provided $12,424 in currency during the purchase. It should also be noted that during the year 2010, Wells Fargo bank records

show that approximately $141,157.00 was deposited to Ambrosini's personal bank account.

## Income Tax Returns

30. Ambrosini's personal income tax return, Form 1040, received through a court order, shows John and Sandra Ambrosini filed an income tax return and reported gross income of only $19,462. Tax records show Ambrosini received a pension in 2010 of $9,270 and it was reported as non-taxable and is consequently not part of the adjusted gross income reported on his 2010 Form 1040. In total, John and Sandra Ambrosini's 1040 tax return for the year 2010 shows they reported taxable and nontaxable income totaling only $28,732. This is during the same year Ambrosini used over $12,000 in cash to fund the purchase of the 2011 Harley Davidson Motorcycle and $31,000 cash structured into his personal bank account and used as a down payment of the 62326 Olive Barber Road residence. It is my opinion that the income reported on the 2010 tax return does not support Ambrosini's ability to conduct these two transactions. Additionally, bank records for account # XXX-XXXX4617 in the name of John and Sandra Ambrosini shows deposits totaling approximately $141,157.00 made to this account during the year 2010.

31. The table below shows the Ambrosini's reported tax information around the time period in question.

| Summary of John and Sandra Ambrosini Tax and Financial Information | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | Year | | | | | |
| Source of Information | Description | 2005 | 2006 | 2007 | 2008 | 2009 | 2010 |
| Tax Return and Tax Information | Adjusted Gross Income Reported | $ 393.00 | -$74,539.00 | $10,700.00 | $26,997.00 | $43,197.00 | $ 19,462.00 |
| | Taxable Income Reported | $0.00 | $0.00 | $0.00 | $ 9,097.00 | $24,497.00 | $ 762.00 |
| Bank Records for Personal Account | Total Deposits | Unknown | $ 38,889.23 | $92,019.90 | $88,279.94 | $69,779.51 | $141,157.30 |

## Conclusion

32. Based on the forgoing, there is probable cause to believe, and I do believe, that John Ambrosini, Sr. and Sandra Ambrosini have committed violations of 18 U.S.C. § 1956, Title 31 § 5324 and 21 U.S.C. §§ 841 and 846. Furthermore, there is probable cause to believe, and I do believe, that the real property, including the lot or tract of land and any appurtenances or improvements on that property, located 62326 Olive Barber Road, Coos Bay, Oregon, was used to commit and facilitate the violations of 21 U.S.C. §§ 841 and 846, was purchased with the proceeds of exchanges for controlled substances, and was involved in transactions in violation of 18 U.S.C. § 1956, and Title 31 U.S.C. § 5324 and is therefore subject to seizure and forfeiture pursuant to 18 U.S.C. § 981(a)(1), Title 31 U.S.C § 5317(c)(2) and 21 U.S.C. § 881(a)(6) and (7).

I declare under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. §1746.

Executed this 7th day of November, 2012, at Portland, Oregon.

_____
**Lawrence Gloth**
**Deputy U.S. Marshal, Senior Inspector**
**U.S. Marshals Service**